IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUFUS TERRY McDOUGALD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-67-MHT |
| | ) | [WO] |
| SGT. WEED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Rufus Terry McDougald, an indigent inmate, initiated this 42 U.S.C. § 1983 action on February 6, 2017 while confined in the Houston County Jail. In this complaint, McDougald challenges the constitutionality of his arrest on July 21, 2016. Doc. 1 at 2–3. Upon initiation of this case, the court entered an order of procedure instructing McDougald that he must immediately inform the court and defendants of any new address. Doc. 10 at 4. McDougald was specifically advised to "immediately inform the court and the defendants or . . . counsel of record of any change in his address" and cautioned that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 10 at 4. The court's docket indicates that McDougald received a copy of this order.

In a separate case filed by McDougald with this court, *McDougald v. Woodall, et al.*, Civil Action No. 1:18cv748-WKW-GMB (M.D. Ala. 2018), the court issued an Order and Final Judgment on December 10, 2018 (Docs. 6 & 7), copies of which the Clerk mailed

to McDougald.  The postal service returned these documents because the plaintiff no longer resided at the Houston County Jail—the last address he had provided for service.  It is apparent that McDougald has failed to comply with the requirement that he keep the court informed of his current address, and the instant case cannot properly proceed in this court if his whereabouts remain unknown.

Based on the foregoing, the court entered an order noting McDougald's failure to furnish the court with his current address and requiring "that on or before January 3, 2019 Plaintiff shall show cause why this case should not be dismissed for his failure to comply with the order of this court regarding provision of a current address and his failure to adequately prosecute this action." Doc. 29 at 1–2.  The court "specifically cautioned [Plaintiff] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed." Doc. 29 at 2.  As of the present date, McDougald has failed to provide the court with his current address pursuant to the directives of the orders entered in this case.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, the court finds that the dismissal of this case is the proper course of action.  Initially, the court notes that McDougald is an indigent individual and therefore the imposition of monetary or other punitive sanctions against him would be ineffectual.  Moreover, McDougald has failed to comply with the directives of the orders of this court regarding a current address.  It likewise appears that

McDougald is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when McDougald fails to advise the court of his whereabouts.

Accordingly, the court concludes that McDougald's failure to comply with the orders of this court warrants the dismissal of this case. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **March 5, 2019** the parties may file objections to this recommendation. A party must specifically identify the factual findings and legal conclusions in the

Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of February, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE